1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JOHNNIE F. WILLIAMS,                         No.  2:16-cv-2288 KJN P

12                  Petitioner,

13         v.                                      ORDER AND FINDINGS AND
                                                   RECOMMENDATIONS
14   RONALD RACKLEY, Warden,

15                  Respondent.

16

17   I.  Introduction

18         Petitioner is a state prisoner, proceeding pro se, with an application for writ of habeas

19   corpus pursuant to 28 U.S.C. § 2254.  On March 7, 2017, respondent filed a motion to dismiss

20   this action on the grounds that it was filed beyond the one-year statute of limitations.  Petitioner

21   did not file an opposition to the motion, and on April 14, 2017, he was ordered to show cause

22   why his failure to file an opposition should not be deemed a waiver of any opposition to the

23   granting of the motion.  Twenty-one days have now passed, and petitioner has not filed a

24   response to the order to show cause or filed an opposition to the motion to dismiss.  As set forth

25   below, respondent's motion to dismiss should be granted.

26   II.  Legal Standards

27         Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

28   petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the

1

petitioner is not entitled to relief in the district court. . . ." Id.  The Court of Appeals for the Ninth Circuit has referred to a respondent's motion to dismiss as a request for the court to dismiss under Rule 4 of the Rules Governing § 2254 Cases.  See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991).  Accordingly, the court reviews respondent's motion to dismiss pursuant to its authority under Rule 4.

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act ("AEDPA") was enacted.  Section 2244(d)(1) of Title 8 of the United States Code provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Section 2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period.  28 U.S.C. § 2244(d)(2).  Generally, this means that the statute of limitations is tolled during the time after a state habeas petition has been filed, but before a decision has been rendered.  Nedds v. Calderon, 678 F.3d 777, 780 (9th Cir. 2012).  However, "a California habeas petitioner who unreasonably delays in filing a state habeas petition is not entitled to the benefit of statutory tolling during the gap or interval preceding the filing."  Id. at 781 (citing Carey v. Saffold, 536 U.S. 214, 225-27 (2002)).  Furthermore, the AEDPA "statute of limitations is not tolled from the time a final decision is

issued on direct state appeal and the time the first state collateral challenge is filed because there is no case 'pending' during that interval." Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), overruled on other grounds by Carey, 536 U.S. at 214. In Carey, the United States Supreme Court held that the limitation period is statutorily tolled during one complete round of state post-conviction review, as long as such review is sought within the state's time frame for seeking such review. Id., 536 U.S. at 220, 222-23.

State habeas petitions filed after the one-year statute of limitations has expired do not revive the statute of limitations and have no tolling effect. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001).

III. Chronology

For purposes of the statute of limitations analysis, the relevant chronology of this case is as follows:

1. Petitioner was convicted of driving under the influence causing injury or death, a violation of California Vehicle Code § 23153(A), and various sentencing enhancement allegations were found true. (Respondent's Lodged Document ("LD") 1.)

2. On January 17, 2014, petitioner was sentenced to eleven years in state prison. (LD 1.)

3. Petitioner did not file a timely appeal.[1]

4. On April 19, 2015,[2] petitioner filed a petition for relief under Proposition 47[3] in the Sacramento County Superior Court. (LD 4.) On May 11, 2015, the superior court denied the

---

[1] On June 18, 2014, petitioner filed a request for permission to file a belated notice of appeal in the California Court of Appeal, Third Appellate District. (LD 2.) However, his request was denied on July 14, 2014. (LD 3.)

[2] All of petitioner's state court filings were given benefit of the mailbox rule, either using the proof of service date, or the date the pleading was filed. See Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010) (under the mailbox rule, the petition is deemed filed when handed to prison authorities for mailing).

[3] Proposition 47 was passed by California voters on November 4, 2014, effective the next day, and allowed certain convicted felons to request re-designation of their felonies as misdemeanors. See Cal. Penal Code § 1170.18(f).

petition "due to ineligibility based on current conviction(s)." (LD 5.)

5. On August 11, 2015,[4] petitioner signed a petition for writ of habeas corpus that was filed in the Sacramento County Superior Court on March 1, 2016. (LD 6.) On April 12, 2016, the superior court denied the petition in a reasoned decision. (LD 7.)

6. On May 17, 2016, petitioner filed a petition for writ of habeas corpus in the California Supreme Court. (LD 8.) On August 17, 2016, the California Supreme Court denied the petition. (LD 9.)

7. On September 21, 2016, petitioner constructively filed the instant federal petition. See Rule 3(d) of the Federal Rules Governing Section 2254 Cases.

IV. Statutory Tolling[5]

Under 28 § 2244(d)(1)(A), the limitations period begins running on the date that petitioner's direct review became final or the date of the expiration of the time for seeking such review. Id. In this case, petitioner did not timely appeal the operative judgment issued on January 17, 2014. Accordingly, his conviction became final sixty days later on March 18, 2014. Cal. Rules of Court 8.308(a); Mendoza v. Carey, 449 F.3d 1065, 1067 (9th Cir. 2006). The AEDPA statute of limitations began to run the following day, on March 19, 2014. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Absent tolling, petitioner's last day to file his federal petition was on March 19, 2015.

Petitioner is not entitled to tolling for any of the filings in state court because none of them were filed before the federal limitations period expired on March 19, 2015. Petitioner's first filing in state court was not filed until April 19, 2015, after the federal limitations period expired

---

[4] Petitioner's second state petition was dated August 11, 2015, but bears a file stamp date of March 1, 2016. (LD 4.) In an abundance of caution, the court considers the petition filed August 11, 2015, the date the petition was signed.

[5] As set forth above and noted by respondent, the limitations period may begin running later under certain specified circumstances, 28 U.S.C. § 2244(d)(1)(B), (C), & (D), but none of these circumstances apply here. For example, a challenge based on the state court's refusal to apply Proposition 47 and reduce petitioner's conviction to a misdemeanor would not be cognizable on federal habeas review. See, e.g., Givens v. Muniz, 2017 WL 387258, at *3 (E.D. Cal. Jan. 26, 2017) (citing cases holding that claims challenging denial of resentencing under California Penal Code section 1170.18 are not cognizable on federal habeas review and so holding).

4

on March 19, 2015.  As set forth above, state habeas petitions filed after the one-year statute of limitations has expired cannot revive the statute of limitations and have no tolling effect.

## V. Equitable Tolling

"Equitable tolling may be available '[w]hen external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim.'" McMonagle v. Meyer, 802 F.3d 1093, 1099 (9th Cir. 2015) (quoting Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999)).  "A petitioner who seeks equitable tolling of AEDPA's one-year filing deadline must show that (1) some 'extraordinary circumstance' prevented him from filing on time, and (2) he has diligently pursued his rights."  Luna v. Kernan, 784 F.3d 640, 646 (9th Cir. 2015) (citing Holland v. Florida, 560 U.S. 631, 649 (2010)).

"The threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule."  Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002) (citation omitted).

> To apply the doctrine in "extraordinary circumstances" necessarily suggests the doctrine's rarity, and the requirement that extraordinary circumstances "stood in his way" suggests that an external force must cause the untimeliness, rather than, as we have said, merely "oversight, miscalculation or negligence on [the petitioner's] part, all of which would preclude the application of equitable tolling.

Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir.) (internal citation omitted), cert. denied, 130 S. Ct. 244 (2009); see also Stillman v. LaMarque, 319 F.3d 1199, 1203 (9th Cir. 2003) (petitioner must show that the external force caused the untimeliness).  It is petitioner's burden to demonstrate that he is entitled to equitable tolling.  Espinoza-Matthews v. People of the State of California, 432 F.3d 1021, 1026 (9th Cir. 2005).

Here, petitioner does not specifically ask for, and he provides no basis for, the application of equitable tolling.  Petitioner makes no factual arguments in his petition that would support a claim for equitable tolling and did not file an opposition to respondent's motion.  In addition, he has not demonstrated that he has been pursuing his rights diligently.  Therefore, the undersigned finds that petitioner has not met his burden of demonstrating the existence of grounds for equitable tolling.

VI.  Conclusion

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court is directed to assign a district judge to this case; and

IT IS RECOMMENDED that:

1.  Respondent's motion to dismiss (ECF No. 11) be granted, and

2.  This action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(3).  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 8, 2017

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/will2288.mtd.hc.sol.nop

6